# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEAK STATS HOLDINGS, INC. <br><br> Plaintiff, <br><br> v. <br><br> HELEN SUN, <br><br> Defendant. | Case No. 1:22-cv-00807 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Peak STATS Holdings, Inc., by and through counsel, for its Complaint against Defendant Helen Sun respectfully states as follows:

### NATURE OF THE ACTION

1. Peak STATS Holdings, Inc. ("Peak") seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that it is not subject to the jurisdiction of an arbitrator in an arbitration proceeding involving Defendant Sun. Peak also concurrently seeks an emergency stay staying that arbitration proceeding as to Peak.

### PARTIES, JURISDICTION, AND VENUE

2. Peak is a corporation incorporated under the laws of Delaware with its principal place of business located in Delaware.

3. Helen Sun is an individual who resides in Ohio. Sun also is actively prosecuting counterclaims in an arbitration proceeding pending in Chicago, Illinois. Sun is also a party in a separate but related action pending in this Court. (STATS LLC v. Helen Sun, Case No: 1:20-cv-03717.)

4. This Court has personal jurisdiction over Helen Sun.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because this action is between citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and 9 U.S.C. 4 because the arbitration proceeding that is the subject of this Complaint is being conducted in Chicago, Illinois.

## DECLARATION OF NON-ARBITRABILITY OF CLAIM

7. Sun was formerly employed by an entity known as STATS, LLC.

8. Sun's employment with STATS, LLC ended on April 28, 2020.

9. On June 24, 2020, STATS LLC filed a complaint in this court naming Helen Sun as the only defendant. The complaint alleges counts for violation of the Federal Defend Trade Secrets Act, violation of the Illinois Trade Secrets Act, Breach of Contract, and Breach of Fiduciary Duty.

10. On August 28, 2020, Sun filed a counterclaim that claimed, among other things, that she was wrongfully terminated from her position at STATS LLC.

11. Later, Sun moved the court to stay her counterclaim and instead to compel arbitration between STATS, LLC and Sun on her counterclaim. Sun's motion was grounded on an arbitration clause found in an Employment and Restrictive Covenants Agreement (the "Employment Agreement") between Sun and STATS, LLC. (Exhibit A, arbitration clause excerpt from the Employment Agreement, provisionally filed under seal)

12. STATS, LLC joined that motion to compel arbitration of Sun's counterclaim.

13. This Court, the Hon. Robert M. Dow presiding, issued an Order dated September 28, 2020, to compel the parties to arbitrate Sun's counterclaim. (The remainder of the action remains pending in this Court.)

14. STATS, LLC and Sun proceeded to arbitrate claims between them related to Sun's former employment with Mr. Jerald Esrick presiding as the arbitrator (the "Arbitration Proceeding").

15. The Arbitration Proceeding has been conducted in Chicago, Illinois and remains pending.

16. More than a year later, on October 26, 2021, Sun filed a Second Amended Counterclaim in the Arbitration Proceeding that purported to name Peak as a Counter-Respondent and a party in the arbitration proceeding.

17. To date, Sun has not served the Second Amended Counterclaim on Peak (although Peak obviously has actual notice of the document.)

18. Peak has never entered into any contract or agreement of any kind with Sun, and never agreed to arbitrate any claims asserted against it by Sun.

19. On November 29, 2021, Peak wrote Sun's counsel to note that it does not consent to arbitration with Sun, and objects to the jurisdiction of Arbitrator Esrick over it. Arbitrator Esrick was copied on this correspondence.

20. Sun sought a determination of arbitrability of her counterclaim against Peak from Arbitrator Esrick via correspondence dated December 7, 2021.

21. Arbitrator Esrick gave Peak permission to make a limited appearance to lodge its objection to Arbitrator Esrick's jurisdiction over it via email dated December 29, 2021.

22. Accordingly, Peak issued correspondence to Arbitrator Esrick dated January 12 to respond to the arguments raised by Sun, through her attorney, in her December 7 correspondence. The first point Peak raised in its correspondence is that a court—not an arbitrator—must determine whether a party is bound by an arbitration agreement (i.e. a "gateway" issue).

23. Peak noted that "Arbitrator Esrick need not, and indeed should not, consider substantive argument about whether Peak STATS Holdings, Inc. is bound to arbitrate Dr. Sun's claims against it."

24. Sun in turn, via counsel, issued a replying correspondence on the issue of jurisdiction dated January 19, 2022 arguing that the issue of arbitrability should be determined by Arbitrator Esrick because (1) the arbitration agreement between Sun and **STATS, LLC** provides that "any claim" be submitted to the arbitrator, and therefore that contract delegated authority to the arbitrator to determine whether **Peak STATS Holdings, Inc.** is subject to arbitration, (2) the arbitration agreement between Sun and STATS, LLC "sufficiently references" the AAA and the AAA rules assign to an arbitrator the right to rule on arbitrability.

25. Peak responded by letter submission dated January 24, 2022. Peak pointed out that it cannot have contractually delegated any authority to an arbitrator because Peak never entered into any contract with Sun. Peak pointed out that the document Sun relies on (the Employment Agreement) is a contract between Sun and STATS, LLC. Peak should be deemed to have contractually delegated authority by means of a contract that to which it is not a party.

26. <u>Peak also pointed out that the arbitration clause in the Employment Agreement between Peak and Sun does not incorporate the AAA rules. It merely references that if the</u>

4

parties cannot agree on an arbitrator, an arbitrator can be selected from the AAA list of arbitrators.

27. In fact, the arbitration agreement between STATS, LLC and Sun specifically provides that the arbitration will be held "in conformity with the Federal Rules of Civil Procedure"—not the AAA rules of procedure. (Exhibit A, section 14a.)

28. Arbitrator Esrick nevertheless issued a ruling that in his view Peak was subject to his jurisdiction and ordered Peak to submit a response to the Second Amended Counterclaim by February 7, 2022 (a date that was later extended to February 21, 2022.)

29. In so ruling, Arbitrator Esrick stated that "[i]t is undisputed that STATS, LLC was merged into PEAKS by a Certificate of Merger filed with the State of Delaware on July 12, 2019…Hence, the legal effect of the merger dooms Peak's argument that it is not a signatory to the arbitration agreement."

30. However, Arbitrator Esrick was mistaken as to this fact. STATS, LLC was not merged into Peak. To the contrary, STATS Holdings, LLC was merged into Peak. Peak notified arbitrator Esrick of this error by correspondence dated February 2, 2022. However, Esrick issued another order acknowledging the error but persisting in his conclusion that he was the proper tribunal to assess arbitrability and that Peak was subject to arbitration.

31. Under Arbitrator Esrick's order, Peak is now ordered to respond to Sun's Second Amended Counterclaim by February 21, 2022.

32. The current scheduling order in the arbitration sets the hearing for April 11-15 and if necessary April 19-21.

33. Peak seeks a declaratory judgment issued by this Court declaring that Peak is not subject to the jurisdiction of Arbitrator Esrick or any arbitration proceeding.

**Count I – Declaratory Judgment**

34. Peak incorporates all prior paragraphs as if each were fully restated herein.

35. Helen Sun has purported to add Peak as a party, as a "Counter-Respondent", to the Arbitration Proceeding pending in this District.

36. Peak does not consent to arbitration with Sun and has communicated its objection to Sun through her counsel.

37. Sun nevertheless continues to purport to prosecute her counterclaim against Peak in the Arbitration Proceeding.

38. Peak has never entered into any contract or agreement of any kind with Sun, and has never entered into any arbitration agreement with Sun.

39. Peak is not bound by any arbitration agreement to arbitrate Sun's counterclaim against it.

40. The only arbitration agreement Sun has ever referenced is the arbitration clause found in Sun's Employment Agreement with STATS, LLC.

41. Peak is not a party to the Employment Agreement and is not bound by the arbitration clause contained in the Employment Agreement.

42. There is an actual controversy between Peak and Sun because Sun refused to desist from purporting to prosecute her counterclaim against Peak in the Arbitration Proceeding.

43. Additionally, Arbitrator Esrick has ordered Peak to respond to Sun's Second Amended Counterclaim by February 21, 2022.

44. A determination of the rights and obligations of the parties is required in order for Peak to avoid risking default or sanction by not responding as ordered by Arbitrator Esrick.

45. Peak, therefore, petitions this Court for an order determining that Peak is not subject to the jurisdiction of Arbitrator Esrick or the Arbitration Proceeding generally pursuant to 9 U.S.C. §4.

46. Peak further requests that this Court enjoin Sun from taking any further attempts or action to prosecute her counterclaim against Peak in the Arbitration proceedings.

47. This Court has authority to enter a declaration that Peak is not subject to arbitration pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201.

## **RELIEF REQUESTED**

WHEREFORE, Peak requests that the Court enter the following:

a. A Declaratory Judgment against Sun and in favor of Peak that Sun's claims against Peak are not arbitrable, and that Peak is not subject to the jurisdiction of Arbitrator Esrick;

b. An Order enjoining Sun from prosecuting her claims against Peak in the Arbitration proceeding;

c. An award of all attorney fees and costs incurred in bringing this action; and,

d. All other necessary relief and relief to which Peak is entitled.

Respectfully submitted,

**PEAK STATS HOLDINGS, INC., Plaintiff**

Date: February 15, 2022

By: */s/Tiffany L. Carpenter*
Tiffany L. Carpenter (ARDC No. 6292517)
HOWARD & HOWARD ATTORNEYS PLLC
200 S. Michigan Ave., Ste 1100
Chicago, IL 60604
T: (312) 456-3421; F: (312) 939-5617
TLC@h2law.com